J. BORGERDING & COMPANY v. MINNEAPOLIS BREWING
COMPANY AND ANOTHER.[1]

May 18, 1923.

No. 23,420.

**Question for jury.**

Whether the repairs made by tenant were authorized by agent of the
landlord was a question of fact for the jury.  [Reporter.]

Action in the district court for Todd county to recover $52.50 for build-
ing material delivered to defendant.  The case was tried before Roeser, J.,
who at the close of the testimony denied defendant brewing company's mo-
tion for a directed verdict, and a jury which returned a verdict for $60.90
against the brewing company alone.  From an order denying its motion
for judgment notwithstanding the verdict or for a new trial, the brewing
company appealed.  Affirmed.

*Cobb, Wheelwright & Benson* and *Raymond A. Scallen,* for appellant.
*W. J. Stephens* and *H. B. Sherwood,* for respondents.

PER CURIAM.

Appellant owned a building in the village of Browerville which it had
leased to one Svoboda at a stated monthly rental, in which the latter car-
ried on a soft drink business.  The defendant Bartyella purchased the busi-
ness, entered into possession of the building and therein continued the
business, paying the rent each month to F. M. Lahr, who was the agent
and collector of appellant.  Prior to January 22, 1920, when Lahr called for
the rent, Bartyella called his attention to certain conditions in the rooms
which needed repairs.  Lahr then stated to Bartyella, in substance, that
he might make any little repairs that might be needed, and that it would
be all right.  During that month the floor and bottom of the ice-box gave
way on account of apparent decay.  Bartyella then went to the plaintiff's
lumberyard and gave an order for lumber and material for the repair of
the same.  His carpenter carried the material over and made the repairs.
When Lahr next appeared he looked the work over and pronounced it a
good job.  The material was never paid for and plaintiff brings this action
to recover $52.50, the alleged value thereof, with interest.  There was a
verdict for plaintiff, and from an order denying its motion for a new trial
the defendant Minneapolis Brewing Company appeals.

[1]Reported in 193 N. W. 731.

But one question is presented for consideration by this court. Is the evidence competent and sufficient to warrant the finding by the jury that the repairs made were within the meaning of the statement made by Lahr to Bartyella that he might make any little needed repairs. If so, appellant is liable; otherwise not. The plaintiff rendered an itemized statement of the material to appellant and requested payment. Appellant replied by letter, Exhibit 2, saying that if Mr. Lahr, its agent, atuhorized the repair it would be paid for. This letter from appellant, when considered in connection with the oral testimony appearing in the record, raised a question of fact for the jury and its decision must be considered as final. The letter, fairly considered, disposes of the question of the agent's authority and limits the inquiry to the question of whether the conversation between the agent and the tenant authorized the repairs in question, which was for the jury.

Affirmed.